Mr. Justice Nott
delivered the opinion of the court.
This is a motion for a new trial, on the following grounds:
1st. Because the court permitted Brozvn is? Moses to bo *306 stricken out of the record, and to give evidence on the tn-< al of the issue.
2d. Because the wife of Guerrineau was not permitted to give evidence.
3d. Because the verdict is contrary to evidence.
In order to a correct decision of the first question, it is necessary to look at the relative situation of the parties in the different stages of the proceedings. The return of the sheriff on the attachment consists of two parts; first, that which relates to the goods attached and taken into posses» sion, and secondly, that which relates to the monies, goods and chattels in the hands of the garnishee, and the money owing to the absent debtor by him. The return of the garnishee must also be considered with a view to its different parts. He acknowledges that he is indebted to the absent debtor two thousand six hundred dollars. He denies that he has any goods, monies, &c. of the garnishee in his hands ; and says he has purchased all his stock in trade.— But whether the goods attached by the sheriff constituted a part of that stock, does not appear from the return. The creditors were at liberty to contest the truth of this return, orto acquiesce in it as they thought proper. This was an individual right which any or all of them might have exercised. It appears that they all acquiesced and went on to take their judgments against the absent debtor.- The course of proceeding in this state of the cases would have been to have procured an order for the money due by the garnishee to be paid over in satisfaction of the attachments according to their priority, or to have entered up judgments-against the garnishee for the amount; and to have obtained an order for the sale of the goods in the sheriff’s hands, and that the' proceeds, should be paid over in the same manner. By their acquiescence, they admitted that the garnishee had nothing in his hands belonging to the absent debtor. The garnishee, however, not satisfied that they should thus proceed, interposes a claim on his part for the goods in the hands of the sheriff. His claim may be considered in the nature of a trespass for taking goods *307 belonging to him, or an assumpsit to pay him the proceed» of the sale. In either case he must be regarded as the plaintiff in tire issue. The creditors throughout the proceedings ha-ve considered him as such, and have pleaded to his declaration. Now, viewing them in that light, it was not in their power to withdraw, or to have their names stricken out of the record. They had levied on specific property which he claimed. They held it subject to that lien, and he hada right to compel them to try the title. — ■ And there was no way by which they could exonerate themselves but by discontinuing their attachment or entering satisfaction of the judgment. It is said, however, that this was an issue distinct from the attachment, and that each individual had a right to contest the question separately from the rest, and that none would be effected by the decision, except those who were parties to it. But I thiuk that is a mistaken view of the subject. The question to be tried was, whether they were the goods of Git-errineau, and subject to their attachments. They were all equally interested in the question; and t'he court had a right to make them all parties to the issue. And this issue constituted so necessary a link in the chain of proceedings, that it is as impossible to separafe it from the original attachment as it would be to separate the judgment or the return of the garnishee. But let us suppose them not parties to the record in this issue, the result would be precisely the same. This was a feigned issue, and it was not material whether it was made up in the name of one or all the creditors, or even in the name of fictitious persons. As soon as it was decided unfavorably to the claim of For-retier, the proceeds would have been ordered to be paid over to the satisfaction of these attachments without distinction. So that whether they were parties or not to the issue, they had a direct and manifest interest in the result, because their testimony went to increase the fund, out of which the judgment which they had. obtained was to be paid. If no specific property had been attached, and upon the return of the garnishee that he owed the absent *308 debtor nothing, nor had any of his effects in hjs hands, they had discontinued their attachment, they might have been witnesses for the creditors who thought proper to contest the return. But as long'as their attachment was fastened upon these goods, whether they had been in the situation of tile plaintiff or the defendants in the issue, or had not been a party to it at all, their interest was the same. It is however further contended, that having assigned their judgment to Mutksson, and taken a release from him, their interest was removed. But they still remained parties to the record ; and although they might not have an immediate interest in the event of the question then to be tried, yet these proceedings and the'judgment to be entered upon them, would always remain as evidence for or against them in'any other cause growing out of this transaction.— Suppose for instance Forrctier had given Broum &? I fose; his bond to pay them the value oí these goods whenever they should prove to the satisfaction of a jury that they belonged to Guerrincai¿, and they had brought an action upojh it. Could they by assigning that bon 1 to another person, pending the action, and taking a release from h'im, have made themselves witnesses'"!/! the cause ? Most unquestionably not': and the two cases are precisely the same in principle. Suppose an action should be brought hereafter by Matheson against them, the judgment in this case would always be evidence for and against, the parties to thc'prbceedings. Suppose an action to be brought by Forrctier against them for taking his goods the attach ■ ment would be'evidence against them of the fact of taking, while the order ol the court directing the proceeds to be paid over to them, would be a perpetual bar to his action, even without a reference to the collateral issue. Or sup» pose an action to be brought on the judgment against Gueri ineau, or by Guerrillean against them on a cross de • mand, all these proceedings must be resorted to for the purpose of adjusting the balance between them, the judgment would be evidence of so much due on one hand, ■;ybile the order of the court directing the proceeds cf th-.j *309 goods to be paúl over to them, would be evidence on the other, that such part of it had been discharged. On whatever side, therefore, we view the case, we see an interest coupled with it, from which they cannot be released at long as their names remain on the record, without releasing the debt itself. Indeed the true test of interest appear* tobe whether the judgment in the case in which the party is called to give evidence, can be given in evidence for or against 1 lira in any other case. The judgment in this issue must be, that the proceeds of the goods in the hands; of the sheriff should be paid over to the satisfaction oí these attachments according to priority, among which the attachment of Brown Meses is one.
"With regard to the second ground, I think that the wife, of Guerrillean was properly rejected as a witness. The wife can never 1 e a witness in any case where the interest of her husband is concerned : and the interest of Cuerri-neau is intimately connected with every stage of this pro • ccediug.
It is unnecessary to give any opinion cn the last ground,
I am therefore of opinion on the; first ground that a rev •.rial should be granted.
Justices Johnson and Unger, concurred.